IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

DAVID SAKICH, KEVIN HOLTON, )
SCOTT JONES, TODD HAMMOND, )
and JEREMY BEECH )
)
      Plaintiffs, )
) No. 4:11-cv-42
v. )
) Judge William B. Mitchell Carter
BEDFORD COUNTY, TENNESSEE, and )
RANDALL BOYCE )
      Defendants. )

## VERDICT FORM

1. Has Plaintiff Jeremy Beech prevailed against the Defendants on his FLSA claim for overtime pay?

   Yes ✓                        No ____

*[If you answered Yes to Question 1, proceed to Question 2. If you answered No, proceed to Question 4].*

2. Did Plaintiff Jeremy Beech prove that the Defendants either knew their conduct was prohibited by the FLSA or showed reckless disregard for whether their conduct was prohibited by the FLSA?

   Yes ✓                        No ____

*[Please proceed to Question 3.]*

3. How many hours did Plaintiff Jeremy Beech work in excess of 40 hours per week for which he did not receive overtime pay during the following periods:

Prior to July 1, 2010: _1188_ multiply by $22.74 =   $ _27,015.12_

From July 1, 2010 forward: _564_ multiply by $23.39 = $ _13,191.96_

*[Please proceed to Question 4.]*

4. Did Plaintiff David Sakich prevail against the Defendants on his FLSA claim for overtime pay?

Yes _✓_       No ____

*[If you answered Yes to Question 4, proceed to Question 5. If you answered No, proceed to Question 7].*

5. Did Plaintiff David Sakich prove that the Defendants either knew their conduct was prohibited by the FLSA or showed reckless disregard for whether their conduct was prohibited by the FLSA?

Yes _✓_       No ____

*[Please proceed to Question 6].*

6. How many hours did Plaintiff David Sakich work in excess of 171 hours per 28 day tour of duty during the following periods:

Prior to July 1, 2010: _1870_ multiply by $24.84 =   $ ~~46,447.45~~ 46,450.80

From July 1, 2010 forward: _1645_ multiply by $25.25 = $ _41,536.25_

*[Please proceed to Question 7.]*

47

7. Did Plaintiff Kevin Holton prevail against the Defendants on his FLSA claim for overtime pay?

    Yes ✓                                      No ____

    *[If you answered Yes to Question 7, proceed to Question 8. If you answered No, proceed to Question 10].*

8. Did Plaintiff Kevin Holton prove that the Defendants either knew their conduct was prohibited by the FLSA or showed reckless disregard for whether their conduct was prohibited by the FLSA?

    Yes ✓                                      No ____

    *[Please proceed to Question 9].*

9. How many hours did Plaintiff Kevin Holton work in excess of 171 hours per 28 day tour of duty during the following period:

    From October 7, 2010 forward:  875 multiply by $22.16 = $19390.00

    *[Please proceed to Question 10.]*

10. Did Plaintiff Todd Hammond prevail against the Defendants on his FLSA claim for overtime compensation?

    Yes ✓                                      No ____

    *[If you answered Yes to Question 10, proceed to Question 11. If you answered No, proceed to Question 13].*

11. Did Plaintiff Todd Hammond prove that the Defendants either knew their conduct was prohibited by the FLSA or showed reckless disregard for whether their conduct was prohibited by the FLSA?

    Yes ✓                                      No ____

    *[Please proceed to Question 12].*

48

12. How many hours did Plaintiff Todd Hammond work in excess of 171 hours per 28 day tour of duty during the following periods:

    Prior to July 1, 2010: __1410__ multiply by $21.35 = $__30,103.50__

    From July 1, 2010 forward: __240__ multiply by $24.29 = $__5829.60__

    *[Please proceed to Question 12.]*

13. Did Plaintiff Scott Jones prevail against the Defendants on his FLSA claim for overtime pay?

    Yes __✓__      No ____

    *[If you answered Yes to Question 13, proceed to Question 14. If you answered No, proceed to Question 16].*

14. Did Plaintiff Scott Jones prove that the Defendants either knew their conduct was prohibited by the FLSA or showed reckless disregard for whether their conduct was prohibited by the FLSA?

    Yes __✓__      No ____

    *[Please proceed to Question 15].*

15. How many hours did Plaintiff Scott Jones work in excess of 171 hours per 28 day tour of duty during the following periods:

    Prior to July 1, 2010: __1188__ multiply by $24.29 = $__28,856.52__

    From July 1, 2010 forward: __564__ multiply by $25.25 = $__14,241.00__

    *[Please proceed to Question 16.]*

49

16. Did Plaintiff David Sakich prevail against the Defendants on his FLSA claim of retaliation?

Yes ✓            No ____

*[If you answered Yes to Question 16, please proceed to Question 17. If you answer No, please proceed to Question 18.]*

17. What is the amount of damages, if any, sustained by Plaintiff David Sakich as a result of Defendants' retaliatory conduct in violation of the FLSA?

$ __37,500.00__

*[Please proceed to Question 18.]*

18. Did Plaintiff David Sakich prevail against the Defendants on his PEPFA claim of retaliation?

Yes ✓            No ____

*[If you answered Yes to Question 18 please proceed to Question 19. If you answered No, please proceed to Question 22.]*

19. What is the amount of damages, if any, sustained by Plaintiff David Sakich as a result of Defendants' retaliatory conduct in violation of PEPFA?

$ __37,500.00__

*[Please proceed to Question 19].*

20. Did you award any amount of damages to Plaintiff Sakich for his FLSA retaliation claim *and* for his PEPFA retaliation claim based on the same conduct of the Defendants?

Yes. ✓            No. ____

*[If you answered Yes to Question 20, please proceed to Question 21. If you answer No, please proceed to Question 22.]*

21. What amount of damages awarded to Plaintiff David Sakich under the FLSA (Question 17) and the PEPFA (Question 19) are based on the same retaliatory conduct of the Defendants?

$ ~~75,000.00~~ $37,500.00  31 Jan 13

*[Please proceed to Question 22.]*

22. Did Plaintiff Kevin Holton prevail against the Defendants on his FLSA claim of retaliation?

Yes ✓   No ____

*[If you answered Yes to Question 22, please proceed to Question 23. If you answered No, please proceed to Question 24.]*

23. What is the amount of damages, if any, sustained by Plaintiff Kevin Holton as a result of the Defendants' retaliatory conduct in violation of the FLSA?

$ 37,500.00

*[Please proceed to Question 24].*

24. Did Plaintiff Kevin Holton prevail against the Defendants on his PEPFA claim of retaliation?

Yes ✓   No ____

*[If you answered Yes to Question 24, please proceed to Question 25. If you answered No, your deliberations are concluded. The foreperson should sign and date the jury verdict and notify the Court Room Deputy, Mrs. Jones.]*

25. What is the amount of damages, if any, sustained by Plaintiff Kevin Holton as a result of the Defendants' retaliatory conduct in violation of the PEPFA?

$ 37,500.00

*[Please proceed to Question 26].*

26. Did you award any amount of damages to Plaintiff Kevin Holton for his FLSA retaliation claim *and* for his PEPFA retaliation claim based on the same conduct of the Defendants?

Yes. ✓  No. _____

*[If you answered Yes to Question 26, please proceed to Question 27. If you answer No, your deliberations are at an end. The foreperson should sign and date the jury verdict and notify the Court Room Deputy, Mrs. Jones. Thank you for your service.]*

27. What amount of damages awarded to Plaintiff Kevin Holton under the FLSA (Question 23) and the PEPFA (Question 25) are based on the same retaliatory conduct of the Defendants?



$ ~~75,000.00~~ $37,500.00  31/Jan/13

*[Your deliberations are at an end. The foreperson should sign and date the jury verdict and notify the Court Room Deputy, Mrs. Jones. Thank you for your service.]*

Foreperson: s/ Foreperson

Date: 31 Jan, 2013

52